AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

UNITED STATES OF AMERICA
v.
Craig Durham
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case   CR 06-50-4-GMS.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a   ☐ federal offense   ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the   ☐ date of conviction   ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

X (1) There is probable cause to believe that the defendant has committed an offense
  X for which a maximum term of imprisonment of ten years or more is prescribed in   21 USC §§841 & 846   .
  ☐ under 18 U.S.C. § 924(c).
X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   X a preponderance of the evidence: Defendant did not oppose the government's motion for detention, but reserved the right to have detention reviewed at a later time. Defendant's position was granted. In addition to this factor, the court notes the following in support of defendant's detention:
1. Defendant is a vagabond. Although his aunt allows him to stay with her in Dover, he primarily sleeps on the street in cars, outside or wherever he finds sleeping quarters. Therefore, his residence is not stable.
2. He has limited employment and although responsible for five children, is delinquent in support payments. He lives from paycheck to paycheck which he admittedly uses to purchase crack and feed his addictive habit. He is an admitted crack addict who has used crack for so long as he can remember (starting at age 14. He is presently age 36 and looks much older than his stated years)
3. Defendant was obviously upset regarding his arrest crying throughout his Pretrial interview and his initial appearance. 4. He has used two different social security numbers (although the court is not certain whether this was intentional. 5. He has a conviction for possession/use of a controlled substance in 1991. 6. He has at least 5 active capiases for failure to appear. As evidenced from the above, defendant is a significant risk of non-appearance. His significant cocaine use not only makes him a risk of non-appearance, but also a danger to the community.

FILED
MAY 15 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| May 15, 2006 | |
|---|---|
| Date | *Signature of Judicial Officer* |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).